# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | 1:08-cv-00392 LJO GSA |
| ) | |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATIONS ON |
| ) | PLAINTIFF'S APPLICATION FOR |
| v. ) | DEFAULT JUDGMENT BY THE COURT |
| ) | (Document 9) |
| ) | |
| ) | |
| ESPERANZA ESQUIVEL, individually ) | |
| and d/b/a VALLARTA RESTAURANT, ) | |
| ) | |
| ) | |
| Defendant. ) | |

On September 17, 2008, Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed the present Application for Default Judgment by the Court against Esperanza Esquivel, individually and d/b/a Vallarta Restaurant ("Defendant"). A hearing was held on October 17, 2008, before the Honorable Gary S. Austin. Bruce Nickel appeared specially for Thomas P. Riley, Jr., on behalf of Plaintiff. No appearance was made by or on behalf of Defendant.

## BACKGROUND

Plaintiff filed the instant action on March 18, 2008. Defendant was served with the complaint and summons on June 12, 2008. The complaint alleges violations of 47 U.S.C. Section 605 and 47 U.S.C. Section 553. Plaintiff also alleges a state law claim of conversion.

Defendant has not answered the complaint or otherwise appeared in this action. On July 3, 2008, the Clerk of the Court entered default against Defendant.

1

Plaintiff filed the instant application for default judgment on September 17, 2008. Plaintiff requests that the Court enter default judgment against Defendant in the amount of $101,200.00.

Defendant has not responded to the application.

**Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) provides that judgment may be entered:

By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or competent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

"Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Highway Pipe and Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

**DISCUSSION**

Service of summons and complaint in this action was made on Defendant on June 12, 2008.  A true and correct copy of the Proof of Service was filed with this Court on June 24, 2008. (Doc. 5).  Defendant failed to respond to the complaint or otherwise appear in this action.  The

2

1    Clerk of the Court entered default against Defendant on July 3, 2008.  (Doc. 8).  Defendant is not

2    an infant or incompetent person, and is not in the military service or otherwise exempted under

3    the Soldiers' and Sailors' Civil Relief Act of 1940.  Declaration of Thomas P. Riley in Support

4    of Plaintiff's Application for Default Judgment by the Court ("Riley Decl."), at ¶ 3.

5         Plaintiff seeks judgment pursuant to 47 U.S.C. Section 605 and 47 U.S.C. Section 553

6    against Defendant for unlawfully intercepting, receiving and exhibiting the *Erik Morales v.*

7    *Manny Pacquiao World Super Featherweight Championship Fight Program* of March 19, 2005,

8    at her restaurant in Mendota, California.  Plaintiff requests enhanced statutory damages in the

9    amount of $100,000 and $1,200 for state law conversion.[1]

10        1.    Violation of 47 U.S.C. Section 533

11        Unauthorized reception of cable service is governed by 47 U.S.C. Section 533, which

12   provides, in relevant part, as follows:

13        a) Unauthorized interception or receipt or assistance in intercepting or receiving
          service; "assist in intercepting or receiving" defined

14        **(1)** No person shall intercept or receive or assist in intercepting or receiving any
          communications service offered over a cable system, unless specifically

15        authorized to do so by a cable operator or as may otherwise be specifically
          authorized by law.

16        **(2)** For the purpose of this section, the term "assist in intercepting or receiving"
          shall include the manufacture or distribution of equipment intended by the

17        manufacturer or distributor (as the case may be) for unauthorized reception of any
          communications service offered over a cable system in violation of subparagraph

18        (1).

19

20        Pursuant to section 533, the aggrieved party may recover statutory damages of "not less

21   than $250 or more than $10,000 as the court considers just" for all violations.  47 U.S.C. §

22   553(c)(3)(A)(ii).  However, in any case in which the court finds that the violation was committed

23   willfully and for purposes of commercial advantage or private, the court may increase the award

24   of damages by an amount of not more than $50,000.  47 U.S.C. § 553(c)(3)(B).

25   ///

26

27        [1]Plaintiff has not argued its claim for common law conversion in its moving papers.  Although the
     supporting declaration of its legal counsel asserts the conversion damages to be $1,200, he does not provide any

28   basis for this determination.  Accordingly, it is recommended that his request for such damages be denied.

1

2     2.     <u>Violation of 47 U.S.C. Section 605</u>

The relevant provisions of 47 U.S.C. Section 605, which address unauthorized publication or use

of wire or radio communications, state:

> (a) ...no person receiving, assisting in receiving, transmitting, or assisting
> in transmitting, any interstate or foreign communication by wire or radio
> shall divulge or publish the existence, contents, substance, purport, effect,
> or meaning thereof, except through authorized channels of transmission or
> reception, (1) to any person other than the addressee, his agent, or
> attorney.... No person not being authorized by the sender shall intercept
> any radio communication and divulge or publish the existence, contents,
> substance, purport, effect, or meaning of such intercepted communication
> to any person. No person not being entitled thereto shall receive or assist
> in receiving any interstate or foreign communication by radio and use such
> communication (or any information therein contained) for his own benefit
> or for the benefit of another not entitled thereto. No person having
> received any intercepted radio communication or having become
> acquainted with the contents, substance, purport, effect, or meaning of
> such communication (or any part thereof) knowing that such
> communication was intercepted, shall divulge or publish the existence,
> contents, substance, purport, effect, or meaning of such communication (or
> any part thereof) or use such communication (or any information therein
> contained) for his own benefit or for the benefit of another not entitled
> thereto.

Additionally, the aggrieved party is authorized to obtain statutory damages of "not less

than $1,000 or more than $10,000, as the court considers just" for each violation.  47 U.S.C. §

605(e)(3)(C)(i)(II).  The court may award enhanced damages up to $100,000 for each violation if

it finds the violation was willfully committed for commercial advantage or private financial gain.

47 U.S.C. § 605 (e)(3)(C)(ii).

Plaintiff attests that it is a closed-circuit distributor of sports and entertainment

programming that purchased and retained the commercial exhibition licensing rights to the

program at issue.  Plaintiff marketed the sub-licensing (commercial exhibition) rights in the

program to its commercial customers.  Affidavit in Support of Plaintiff's Application for Default

Judgment ("Affidavit"), at ¶3.  Plaintiff contends that persistent signal piracy of its programming

costs the company, its customers and the community millions of dollars annually.  Affidavit, at ¶

11.  Plaintiff believes this results in part from the perceived lack of consequences (including

nominal or minimal damage awards by the Courts who hear its cases) for such unlawful

interception and exhibition by the commercial signal pirates.  *Id.*  As such, Plaintiff requests the maximum allowance for statutory violations, totaling $100,000.  Affidavit, at ¶ 12; Riley Decl., at ¶ 7.

Here, the summons and complaint were properly served upon Defendant, her default was properly entered, and the complaint is sufficiently well-pled.  By her default, Defendant has admitted to willfully violating the referenced statutes for purposes of commercial advantage. Although deterrence of future violations are important objectives of the statutes, the facts before the Court indicate that Defendant's establishment was not large, with a maximum capacity of 75 people.  Mitch Gerking, Plaintiff's investigator, described the restaurant as poor and noted its location in a rural farming area on the outskirts of Mendota that caters to farm labor clientele. Gerking conducted three head counts while he was there, which were 35/35/35.  He viewed the program on one television, a 27" screen located on a wall of the restaurant.  Given the relatively small impact of Defendant's actions, the Court finds that the amount of requested damages should be reduced.

## RECOMMENDATION

Based on consideration of the declarations, pleadings and exhibits to the present application, the Court RECOMMENDS as follows:

1.      Plaintiff's application for default judgment be GRANTED;

2.      Judgment be entered in this action against Defendant; and

3.      Damages in the total amount of $30,000 be awarded as follows:

   a.      For violation of 47 U.S.C. § 553, the sum of $10,000;

   b.      For violation of 47 U.S.C. § 605, the sum of $10,000;

   c.      For violations of  47 U.S.C. § 553(c)(3)(B) and 47 U.S.C. § 605 (e)(3)(C)(ii), the sum of $10,000.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  Within fifteen

(15) court days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.  1991).

        IT IS SO ORDERED.

 **Dated:    October 20, 2008              /s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE