# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | 1:08-cv-00392 LJO GSA |
| ) | |
| Plaintiff, ) | ORDER AUTHORIZING PROCESS SERVER TO LEVY EXECUTION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 699.080 |
| v. ) | (Document 15) |
| ) | |
| ESPERANZA ESQUIVEL, individually ) and d/b/a VALLARTA RESTAURANT ) | |
| Defendant. ) | |

On November 14, 2008, the Court granted plaintiff J & J Sports Productions, Inc.'s ("Plaintiff") motion for default judgment against defendant Esperanza Esquivel dba Vallarta Restaurant. On November 14, 2008, the Clerk of the Court entered default judgment in favor of Plaintiff.

On November 20, 2008, Plaintiff filed an *ex parte* application for entry of an order authorizing a process server to levy execution pursuant to California Code of Civil Procedure § 699.080.

**DISCUSSION**

Federal Rule of Civil Procedure 69(a) governs the execution of money judgments. In relevant part, Rule 69(a) provides:

**(1)** *Money Judgment: Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the

1

procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). In accordance with Rule 69(a), post-judgment enforcement proceedings must comply with California law. *Credit Suisse v. U. S. Dist. Court for Cent. Dist. of California*, 130 F.3d 1342, 1344 (9th Cir. 1997); *Hilao v. Estate of Marcos*, 95 F.3d 848, 850 (9th Cir. 1996). The use of a process server in the enforcement of judgments is authorized by California law.

Under California law, a registered process server may levy under a writ of execution on property specified in California Code of Civil Procedure § 699.080(a). A registered process server is a person registered as a process server pursuant to the Business and Professions Code. *See* Cal. Civ. Proc. Code § 481.205 (citing Cal. Bus. & Prof. Code §§ 22350 to 22360). The authority of the registered process server is limited, however, to cases where the levy does not involve the possibility of taking immediate possession of the property.

Further, California Civil Procedure Code § 699.080 also sets forth relevant procedures for a registered process server to levy under a writ of execution on property. Section 699.080 provides:

> (b) Before levying under the writ of execution, the registered process server shall deposit a copy of the writ with the levying officer and pay the fee provided by Section 26721 of the Government Code.
>
> (c) If a registered process server levies on property pursuant to subdivision (a), the registered process server shall do both of the following:
>
> (1) Comply with the applicable levy, posting, and service provisions of Article 4 (commencing with Section 700.010).
>
> (2) Request any third person served to give a garnishee's memorandum to the levying officer in compliance with Section 701.030 on a form provided by the registered process server.
>
> (d) Within five court days after levy under this section, all of the following shall be filed with the levying officer:
>
> (1) The writ of execution.
>
> (2) A proof of service by the registered process server stating the manner of levy performed.
>
> (3) Proof of service of the copy of the writ and notice of levy on other persons, as required by Article 4 (commencing with Section 700.010).
>
> (4) Instructions in writing, as required by the provisions of Section 687.010.

(e) If the fee provided by Section 26721 of the Government Code has been paid, the levying officer shall perform all other duties under the writ as if the levying officer had levied under the writ and shall return the writ to the court. If the registered process server does not comply with subdivisions (b) and (d), the levy is ineffective and the levying officer is not required to perform any duties under the writ and may issue a release for any property sought to be levied upon.

(f) The fee for services of a registered process server under this section shall be allowed as a recoverable cost pursuant to Section 1033.5.

(g) A registered process server may levy more than once under the same writ of execution, provided that the writ is still valid.

Cal. Civ. Proc. Code § 699.080.

The Court has reviewed the documents filed by Plaintiff.  The Court finds that Jeffrey L. Schuitema of Legalese Attorney Service and Robert Ferguson of Action Process Service are registered process servers, having filed certificates of registration in Sacramento and Fresno counties.  Declaration of David J. Cook, at ¶ 5 and Exhibit B.  Based on the memorandum in support of the *ex parte* application and the declaration of Plaintiff's attorney, the Court also finds that the interests of justice would be served by relieving the United States Marshal from effectuating certain types of services necessary to effectuate collection of the Judgment in this action.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff may employ the services of Jeffrey L. Schuitema of Legalese Attorney Service and Robert Ferguson of Action Process Service to perform the duties and responsibilities of levying officer as defined under California Code of Civil Procedure § 699.080; and

2. Jeffrey L. Schuitema of Legalese Attorney Service and Robert Ferguson of Action Process Service SHALL comply with the requirements of the California Code of Civil Procedure concerning the enforcement of judgments, including California Code of Civil Procedure § 699.080.

IT IS SO ORDERED.

Dated:   **December 1, 2008**            /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE